# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                        No. 08-252

ARTHUR CHABAUD                                       SECTION: I/4

## ORDER AND REASONS

Before this Court is the motion of defendant, Arthur Chabaud ("Chabaud"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, Chabaud's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

### BACKGROUND

On January 14, 2007, Chabaud and four other persons were manufacturing methamphetamine in a trailer.[1]  Chabaud drained propane from a tank into a glass bottle and asked for pliers to open a set of batteries.[2]  During such process, the volatile chemicals and propane ignited and the trailer exploded, killing one of the persons involved.[3]  On March 17, 2009, Chabaud pled guilty to the manufacture of five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[4]

Pursuant to a plea agreement, Chabaud expressly agreed to waive his right to appeal his conviction and/or sentence except in the event that the sentence exceeds the statutory maximum.[5] Chabaud also agreed to waive his right to challenge his conviction in any collateral proceeding,

---

[1] Rec. Doc. No. 46-2, pg. 7.
[2] *Id.*
[3]*Id.*; Rec. Doc. No. 47, pgs. 21-22.
[4] Rec. Doc. No. 47, pgs. 7-10.
[5] Rec. Doc. No. 30, pgs. 2-3.

including 28 U.S.C. § 2255.[6]  The plea agreement, which Chabaud signed, contains the following language:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections [sic] 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, Untied States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this wavier of appeal and collateral challenge rights or the validity of the guilty plea itself.  Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.[7]

In May 2010, Chabaud filed this motion to vacate pursuant to 28 U.S.C. § 2255 alleging only that "the wrong guidelines were used to sentence [him] therefore causing [his] sentence to be a lot longer than it should be."[8]  The government has responded to such motion.

## *LAW AND ANALYSIS*

## I. OVERVIEW OF § 2255

Section  2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the

---

[6] *Id.*

[7] *Id.*

[8] R. Doc. No. 38, pg. 4.  The Court notes that defendant objected at the sentencing hearing to Probation's recommendation in the presentence report ("PSR") that the Court should consider the fact that a death constituting second-degree murder occurred during the commission of defendant's offense.  After considering oral argument made by both defense counsel and the government with respect to such objection, the Court explicitly rejected defendant's objection to defendant's sentence being enhanced under USSG §2D1.1(d)(1), giving reasons based on precedent from the United States Court of Appeals for the Fifth Circuit and the United States Court of Appeals for the Eighth Circuit.  R. Doc. No. 42, pgs. 3-7.

sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962).  Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction...." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952). If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (*citing Andrews v. United States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## II. WAIVER OF § 2255 RIGHTS

As previously stated, Chabaud agreed to waive his right to collaterally challenge his conviction and sentence as part of his plea bargain.[9]  Specifically, Chabaud waived the right "to appeal from his conviction and/or his sentence in any collateral proceeding . . . brought under Title 28, United States Code, Section 2255, on any ground . . . ."[10] Although Chabaud did retain the right to contest his conviction under 28 U.S.C. § 2255 by "establish[ing] that ineffective

---

[9] R. Doc. No. 30, pgs. 2-3.
[10] *Id.*

assistance of counsel directly affected the validity of [the] waiver of appeal and collateral challenge rights or the validity of the guilty plea itself, Chabaud's § 2255 motion does not make any assertion that can reasonably be construed as an ineffective assistance of counsel claim.[11] Chabaud also reserved the right to appeal a sentence imposed in excess of the statutory maximum, which is not at issue in this case.[12]

The Fifth Circuit has held that a defendant may waive his right to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  For the waiver to be knowing and voluntary, the defendant must know that he had a right to seek collateral review and that he was giving up that right.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (discussing waiver of appellate rights). For a guilty plea "[t]o be knowing and intelligent, the defendant must have 'a full understanding of what the plea connotes and of its consequences.'" *Hernandez*, 234 F.3d at 255. "The defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."  *Id.; see also United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990) ("Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea.").  With respect to sentencing, a defendant must only know the maximum term of imprisonment and fine that he faces.  *Pearson*, 910 F.2d at 223.  "'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'"  *Id.* (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

---

[11] *See* R. Doc. No. 38, pg. 4 (Chabaud's "claim is simple [sic] that the wrong guidelines were used to sentence [him] therefore causing [his] sentence to be a lot longer than it should be.")

[12] R. Doc. No. 30, pgs. 2-3.

The record is clear that Chabaud knowingly and voluntarily agreed to waive his right to challenge his conviction and his sentence on collateral review. Chabaud signed a plea agreement, setting forth the terms of the waiver.[13]  Before accepting Chabaud's guilty plea, the Court explained the terms of the waiver and advised Chabaud of the limited grounds upon which he could seek collateral review.[14]

The record further demonstrates the validity of Chabaud's guilty plea. Prior to entering his guilty plea, Chabaud signed a plea agreement, acknowledging the mandatory minimum and maximum penalties he could he receive if he pled guilty.[15]

---

[13] Rec. Doc. No. 280, p.2.

[14] Rec. Doc. No. 47, pgs.18-19.

> THE COURT: Mr. Chabaud, as part of your plea agreement you have waived your rights to appeal your conviction and/or your sentence.  You further waive your right to contest your conviction and your sentence in any collateral proceeding.  You have reserved your right, however, to bring a direct appeal of any sentence imposed in excess of the statutory maximum.   You may also challenge your conviction or sentence if you can show you received ineffective assistance of counsel and that the claim of ineffective assistance of counsel directly affected the validity of your plea or the waiver of the appeal.  The waiver of the appeal in the plea agreement would also not be enforced to bar a direct appeal, where the indictment did not state an offense, and/or the factual basis for the plea did not show the commission of an offense.  Otherwise, you would have no right to appeal your conviction or your sentence.  Now, do you understand what the U.S. Attorney and your attorney have just outlined, and is that your understanding of the plea agreement in this case?

> MR. CHABAUD: Yes, sir.  *Id.*

[15]  Rec. Doc. No. 30.

Accordingly, **IT IS ORDERED** that Chabaud's motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that Chabaud's petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 5th , 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**